Filed 5/16/22  P. v. Cervantes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079691 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE403126) |
| EMILIO ORTIZ CERVANTES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Emilio Ortiz Cervantes of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and made a true finding that Cervantes personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  Cervantes admitted a prior serious felony conviction (§ 667, subd. (a)(1), and a strike prior (§ 667, subds. (b)-(i)).

The court sentenced Cervantes to the upper term of four years for the assault conviction, doubled because of the strike prior.  The court added three years for the great bodily injury enhancement and five years for the serious felony prior, for a total determinate term of 16 years in prison.

Cervantes appeals challenging his sentence.  Cervantes contends, and the Attorney General agrees, the case must be remanded for reconsideration of the term imposed for the assault conviction in light of newly enacted amendments to section 1170.  We agree with the parties that Cervantes is entitled to the benefit of the new legislation and the case should be remanded for resentencing.[2]

DISCUSSION

After the sentencing in this case, the Legislature enacted two measures amending section 1170 with regard to the selection of the term where the felony offense has three possible terms.  Senate Bill No. 567 changed the manner of calculation of the upper term choice.  It declares the middle term to be the presumptive choice and places limitations on what a judge may consider in selecting an upper term sentence.

Assembly Bill No. 124 makes the lower term sentence the presumptive sentence where there are certain mitigating circumstances present.  Both

---

[1]    All further statutory references are to the Penal Code.

[2]    The facts of the offense are not relevant to the issues in this current appeal.  We will omit the traditional statement of facts.

legislative changes potentially reduce the defendant's punishment. Thus, as the parties agree, he is entitled to whatever benefit the statute may provide. (*In re Estrada* (1965) 63 Cal.2d 740; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 304-308.)

The Attorney General properly concedes the statutory changes must be applied in this case. Accordingly, we will vacate the sentence and remand for resentencing.

DISPOSITION

The sentence is vacated, and the case is remanded for resentencing consistent with the views expressed in this opinion. We express no opinion as to what sentence should be imposed on remand. In all other respects, the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

3